## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JAMES BRENNAN, JR.

v.                                                                                          C.A. No. 09-281 S

A.T. WALL ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Petitioner James Brennan, Jr., *pro se*, was an inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, in the custody of the Rhode Island Department of Corrections. On or about June 17, 2009, Petitioner filed a petition (the "Petition") with the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking release from confinement (Docket #1). The Attorney General for the State of Rhode Island, designated a party-respondent ("the State"), has moved to dismiss the Petition (the "Motion to Dismiss" or "Motion") (Docket #4). Petitioner has not opposed the Motion to Dismiss. The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below, I recommend that the State's motion be granted and the Petition be dismissed. I have determined that a hearing is not necessary.

## BACKGROUND

Between May 2006 and April 2007, Petitioner entered *nolo contendere* pleas in Rhode Island District Court ("RIDC") in the following three cases: (1) one count of leaving the scene of an accident and one count of driving with a suspended license on May 3, 2006 ("Case 41-2006-1737"), *see* Motion, Exhibit 1 at 1-2, 4; Petition at 2; (2) one count of driving with a suspended license on January 16, 2007 ("Case 41-2006-3844"), *see* Motion, Exhibit 2 at 1,2; Petition at 2; and (3) one count of making crank or obscene phone calls on April 18, 2007 ("Case 41-2007-0849"),[1] *see* Motion, Exhibit 3 at 1,3; Petition at 2. After each of the first two pleas, the RIDC imposed suspended one-year sentences with probation, *see* Motion, Exhibit 1 at 1-2 & Exhibit 2 at 1. As a result of the third plea, the RIDC (i) sentenced petitioner to serve one year at the ACI, see Motion, Exhibit 3 at 1; and (ii) adjudging petitioner to have violated the one-year probationary sentence imposed after the Petitioner's earlier plea in Case 41-2006-1737, executed the sentence thereon, *see* Motion, Exhibit 1 at 2. Nonetheless, the RIDC stayed execution of the

---

[1]Petitioner asserts that, to his knowledge, he did not enter a plea on April 18, 2007; however, the Criminal Docket for the case, attached to the Motion to Dismiss as Exhibit 3, indicates that Petitioner entered a plea of *nolo contendere*. *See* Motion to Dismiss, Exhibit 3 at 1.

1

sentences pending completion by Petitioner of a treatment program at Talbot House. *See* Motion, Exhibit 1 at 2, Exhibit 2 at 1, & Exhibit 3 at 1; *see also* Petition at 6 (reference in Ground One to stayed sentence).

However, on June 20, 2007, after Petitioner was discharged from Talbot House prior to completion of the program, the RIDC adjudged plaintiff in violation of probation on all three cases and removed the previously entered stays. *See* Motion, Exhibit 1 at 2, Exhibit 2 at 1 & Exhibit 3 at 1. Thereafter, Petitioner was required to serve three consecutive one-year sentences in connection with his three *nolo contendere* pleas. *See* Petition at 2.

On June 20, 2007, Petitioner filed a notice of appeal with the Rhode Island Superior Court seeking to appeal his conviction and/or sentencing in connection with Case 41-2007-0849 (the "June 20th Appeal"). *See* Motion, Exhibit 3 at 3; Petition at 3. Petitioner states that he argued, *inter alia*, a due process violation, incompetent counsel, his plea was involuntary, and a lack of proper notice regarding sentencing on the probation violation. *See* Petition at 3. The Superior Court dismissed Petitioner's appeal as untimely. *See* Motion, p. 5 & Exhibit 4 at 2, 3; Petition at 3, 4. Petitioner states that he subsequently gave oral notice in the trial court that he wanted to appeal the denial to the Supreme Court, but he never heard from either his attorney or the court. *See* Petition at 3.

Petitioner further states that he filed several applications for post-conviction relief in the RIDC in 2009, urging, *inter alia*, violations of his due process rights, an involuntary plea, ineffective counsel because his attorney failed to file the appeal in a timely manner, conflict with the public defenders, and a lack of proper notice regarding sentencing on the probation violation. *See id.* at 4. However, at a post-conviction hearing, the RIDC denied plaintiff's application for relief. *See id.* Petitioner contends that he gave verbal notice to the judge at the post-conviction hearing that he intended to appeal the denial and the judge ordered the attorney representing Petitioner at the hearing to perfect the appeal. Nonetheless, to Petitioner's knowledge, the attorney did not perfect an appeal. *See id.* at 4, 6.

## DISCUSSION

In his Petition, Petitioner states that he is challenging the judgment of conviction or sentences in all three plea cases as well as the denial of his June 20th Appeal. *See* Petition at 2. As his basis for habeas corpus relief, Petitioner advances at least four claims: (1) his right to due process was violated because he was given notice of a probation violation regarding only one suspended sentence, but was adjudicated as violating both; (2) his right to be free from cruel and

unusual punishment was violated because the judge allowed medical testimony from an ACI social worker/psychologist regarding his medical condition; (3) the Rhode Island Superior Court erred in dismissing as untimely his June 20th Appeal; and (4) there was no investigation into whether his sentences should have been imposed consecutively rather than concurrently. *See* Petition at 6. However, the State urges that the Petition should be dismissed because Petitioner failed to exhaust state court remedies before filing the Petition.

The issuance of a writ of habeas corpus is governed by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a district court may not entertain a petition for the issuance of a writ of habeas corpus unless the petitioner has exhausted all of his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A).

Here, Petitioner concedes that he did not appeal to the Rhode Island Supreme Court the court decisions about which he complains in the Petition. Accordingly, Petitioner failed to exhaust his remedies as required by the AEDPA. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999)(petitioner exhausts state court remedies by fairly presenting claims to the highest state court with jurisdiction to consider claims). Petitioner suggests that his failure to exhaust should be excused because he requested his counsel to perfect appeals of the dismissal of the June 20th Appeal and the denial of the post-conviction relief application, but his attorney failed to do so. However, "Petitioner has the burden of satisfying the exhaustion requirement ... and such unsupported assertions [that his lawyer(s) failed to perfect appeals] fail to satisfy that burden and certainly do not qualify as one of the rare circumstances in which unexhausted or procedurally defaulted claims are allowed to proceed." *D'Amario v. Walsh*, No. 05-11931, 2006 WL 2360167, at * 1 (D.Mass. Aug. 16, 2006)(petitioner's assertions that the court would not transmit his case to the appeals court or docket his petitions inadequate to satisfy exhaustion requirement)(citations omitted); *see also Hill v. Czerniak*, No. 03-1740, 2008 WL 2704493, at * 6 (D.Or. Jul.03, 2008)(attorney error does not justify exception to exhaustion requirement).

Further, to the extent Petitioner alleges that the failure to appeal amounted to ineffective assistance of counsel, Petitioner is required to first exhaust such claim in state court. *See Roberts v. Grigas*, 50 F.3d 1, at *3 (1st Cir. 1995). Although Petitioner included in his 2009 post-conviction relief application the claim of ineffective counsel due to his attorney's failure to timely appeal the June 20th Appeal decision, such claim was dismissed, and Petitioner neither appealed the dismissal nor filed a post-conviction action regarding his attorney's failure to file such appeal. Accordingly, the State's Motion to Dismiss should be granted. I so recommend.

## CONCLUSION

As petitioner failed to exhaust his state court remedies and has failed to oppose the State's Motion to Dismiss, I recommend that the Motion to Dismiss be GRANTED, and the Petition be DENIED and DISMISSED with prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Jacob Hagopian

Jacob Hagopian
Senior United States Magistrate Judge
December 31, 2009